UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-61711-CIV-HUCK/O'SULLIVAN

ACCESS 4 ALL, INC., a Florida not for profit
corporation, and JOE HOUSTON, individually,

     Plaintiffs,
v.

L & D INVESTORS SUNRISE, INC., a Florida
Corporation,

     Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss Plainitff [sic], Access 4 All, Inc.'s Complaint [D.E. #31]. Defendant seeks only to dismiss Plaintiff Access 4 All, and not Plaintiff Joe Houston, from this case for lack of standing. For the reasons discussed below, the Court denies Defendant's Motion.

**I.    RELEVANT BACKGROUND**

Plaintiff Joe Houston is an individual with a disability as defined by the Americans with Disabilities Act ("ADA") who visited a property—Sunrise Plaza—that is owned by Defendant L&D Investors Sunrise, Inc. While at Sunrise Plaza, Mr. Houston encountered architectural barriers at the property that he alleges endangered his safety. The Complaint alleges ADA violations in the parking area, with regard to entrance access and path of travel, with regard to access to goods and services, and in the restrooms. Mr. Houston alleges that these architectural barriers violate the ADA, and prevent him from returning to the Sunrise Plaza to avail himself of the goods and services offered to the public at the property.

Mr. Houston is a member of Plaintiff Access 4 All, Inc., which is a nonprofit Florida corporation. The Complaint alleges that members of Access 4 All include individuals with disabilities as defined by the ADA, and are a representative cross-section of disabilities protected by the ADA. The organization's purpose is to represent the interests of its members by assuring

places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

L&D Investors filed its Motion to Dismiss on December 3, 2010, arguing solely that Access 4 All does not have associational standing to pursue the instant action on behalf of its members. L&D Investors does not challenge Mr. Houston's standing, or the adequacy of the Complaint as to Mr. Houston.

## II.   ANALYSIS

L&D Investors argues that Access 4 All lacks associational standing to bring this action pursuant to the ADA on behalf of its members, because any finding of an ADA violation requires proof as to each individual claimant and an assessment of what measures L&D Investors was required to take in order to comply with the ADA as to each individual claimant. L&D Investors also argues that Access 4 All does not meet the standing requirements for bringing suit as an individual. The Court finds that L&D Investors has associational standing, and thus denies Defendant's Motion.

The United States Supreme Court has held that an organization has standing to bring suit on behalf of its members when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 344 (1977). The Supreme Court has clarified that the first two requirements are constitutionally-mandated standing requirements, while the third element is a prudential concern. *United Food and Commercial Workers Union Local 751*, 517 U.S. 544, 556–57 (1996); *see id.* at 557 ("[T]he third prong of the associational standing test is best seen as focusing on these matters of administrative convenience and efficiency, not on elements of a case or controversy within the meaning of the Constitution."). L&D Investors argues only that Access 4 All does not meet the third, prudential requirement.

L&D Investors' argument—that Access 4 All cannot have associational standing because the ADA requires individualized proof of claims—goes to the heart of a decisional split within this District. On one hand, several courts have found that no standing exists for organizations asserting ADA claims on behalf of their members, because the ADA requires individualized proof of

violations and an individualized assessment of compliance measures. *See Concerned Parents to Save Dreher Park Center v. City of West Palm Beach*, 884 F. Supp. 487, 488–89 (S.D. Fla. 1994); *Association for Disabled Americans, Inc. v. Concorde Gaming Corp.*, 158 F. Supp. 2d 1353, 1364 (S.D. Fla. 2001). However, the majority of courts addressing the issue have decided that associational plaintiffs may assert claims for ADA violations on behalf of their members. Courts differ as to their rationales for this decision. Some courts have expressed the opinion that persuasive case law from the Eleventh Circuit permits associations to assert ADA claims on behalf of their members. *See Access 4 All, Inc. v. Atlantic Hotel Condominium Association, Inc.*, No. 04-61740-CIV-COHN, 2005 U.S. Dist. LEXIS 41600, *14–16 (S.D. Fla Aug. 16, 2005); *Access for the Disabled, Inc. v. Publix Supermarkets, Inc.*, No. 01-6738-HOEVELER/BANDSTRA, at 9 (S.D. Fla. July 15, 2003) [D.E. #62]. Although that Eleventh Circuit decision addressed the standing of statutorily-created advocacy organizations under the ADA, the Eleventh Circuit implicitly found that associational standing existed for organizations bringing suit pursuant to the ADA when it found that the plaintiff in that case, the Advocacy Center, "may sue on behalf of its constituents like a more traditional association may sue on behalf of its members." *Doe v. Stincer*, 175 F.3d 879, 886 (11th Cir. 1999). Other courts have expressed the opinion that standing exists for an associational plaintiff asserting ADA violations when the associational plaintiff seeks only declaratory and injunctive relief because no individualized proof is required for declaratory and injunctive relief. *See Disability Advocates & & [sic] Counseling Group, Inc. v. Betancourt*, 379 F. Supp. 2d 1343, 1358–59 (S.D. Fla. 2005); *Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1360–61 (S.D. Fla. 2004); *American Disability Association, Inc. v. DI-MI Investments Corp.*, No. 01-6300-CIV-DIMITROULEAS, at 4 (S.D. Fla. July 13, 2001) [D.E. #18].

   This Court agrees with the logic of the courts within this district finding that associational standing exists for organizations asserting ADA claims for declaratory and injunctive relief on behalf of their members. In essence, the argument asserted by L&D Investors—that associational standing cannot exist because ADA claims require individualized proof—would require that no organization advocating for ADA compliance could ever obtain standing. *See  Access 4 All*, 2005 U.S. Dist. LEXIS 41600, at *13–14 ("This 'Catch-22' type of argument combining general associational standing decisions with general ADA discrimination decisions would essentially eliminate *any* ADA

organization from obtaining standing."). This Court is unwilling to assume that Congress intended such a result, especially in light of the Eleventh Circuit's decision in *Doe v. Stincer* and its prior decision not to *sua sponte* raise associational standing in this context, *see American Disability Association v. Chmielarz*, 289 F.3d 1315 (11th Cir. 2002) (granting attorneys fees to an associational plaintiff pursuant to the ADA, but not raising standing concerns). Thus, the Court finds that Access 4 All has standing to assert ADA claims on behalf of its members.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

DONE and ORDERED in Chambers, Miami, Florida, on January 10, 2011.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record